FRED A. COUGHLIN *vs.* RHODE ISLAND CO.

DECEMBER 4, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)    Street Railways.    Automobiles.    Passengers.*
A passenger in an automobile, who was not on the lookout for trolley cars, and first saw the car which collided with the automobile, when it was about thirty-five feet away, after the automobile turned into an intersecting street, cannot be held negligent as a matter of law, where there was nothing unusual in the conditions at the junction of the streets.

*(2)    Street Railways.    Automobiles.    Negligence of Driver.    Passengers.*
Negligence on the part of the driver of an automobile is not to be imputed to a guest and generally the question of the contributory negligence of such guest is a question for the jury.

*(3)    Street Railways.    Automobiles.    Passengers.    Duty to Look.*
The duty of a passenger in an automobile to look is dependent on the circumstances, and in the absence of knowledge of danger, or of facts which should give him such knowledge, he may properly rely upon the driver. The passenger is not however relieved of all care but the amount of care required, varies with the circumstances.

*(4)    Street Railways.    Negligence.    Rate of Speed Fixed by Ordinance.*
That the rate of speed of a trolley car did not exceed that allowed by ordinance is not conclusive proof of the exercise of due care by the defendant, but is

simply evidence bearing upon the question of defendant's care and is to be considered by the jury in connection with the attending circumstances in the decision of this issue.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and overruled.

STEARNS, J. This is an action of trespass on the case for negligence, to recover for injuries to plaintiff caused by collision between an automobile in which plaintiff was riding and a trolley car of defendant company. After a trial by jury, which resulted in a verdict for plaintiff, and the denial by the trial justice of defendant's motion for a new trial, the case is now in this court on defendant's bill of exceptions.

The accident occurred in the evening of November 4, 1919, on Westminster street near the junction of Empire street in the city of Providence. Plaintiff was invited to ride to his home by a friend, John H. McGough, in a small enclosed automobile, which was owned and driven by Mr. McGough. The automobile was driven south on Empire street, which is a wide street running north and south, to the junction of Westminster street, which latter street runs east and west. At the junction of the two streets McGough turned into Westminster street intending to proceed on that street in an easterly direction and shortly thereafter the automobile came into collision with a trolley car which was running westward on Westminster street. McGough testified that he saw the trolley car two hundred fifty to three hundred feet distant as he turned into Westminster street; it was raining and the street and car rails were slippery; the left hand wheels of his automobile were caught in the trolley track in such manner that he was unable to get clear of the track; the street was well lighted and there was no other vehicle or any obstruction between the automobile and the trolley car; he was travelling slowly, but the trolley car was driven at an excessive and high rate of speed, which he alleges was negligent and the cause of the accident.

The motorman, an employee of defendant, testified that the automobile turned onto the track from Empire street; the power was shut off his trolley car at the time, that he did all that he could to stop the trolley car, which travelled only about ten feet from the time he first saw the automobile to the place of the collision and that his trolley car was practically at a standstill when it was struck by the automobile. One witness testified that the trolley car was running about twenty miles an hour and that its speed was but slightly reduced at the time of the collision. All the witnesses agree that there was a loud crash caused by the collision and that the left side of the automobile was wedged in under the bumper of the trolley car so firmly that it was found to be necessary to jack up the trolley car in order to extricate the automobile. The force of the collision was considerable and the conclusion from the uncontradicted evidence is reasonable that one or both of the colliding cars was moving with considerable speed at the time of the collision.

By ordinance of the city of Providence it is provided that trolley cars shall not be propelled faster than six miles an hour on this part of Westminster street. Defendant objected and took an exception to the introduction of this evidence by plaintiff.

The plaintiff was a passenger and a guest in Mr. McGough's car and had nothing to do with the operation or control of the automobile. He sat on the right hand of the driver as the automobile turned into Westminster street. He testifies that he was not paying any particular attention to the driving of the automobile, was not on the lookout for trolley cars and that he first saw the trolley car when it was about four lengths of the automobile or about thirty-five feet distant from the automobile and that he did not know exactly the rate of speed the trolley car was running at that time.

At the conclusion of the testimony defendant moved the trial court to direct a verdict in its favor on the ground that

plaintiff was guilty of contributory negligence as a matter of law. This motion was denied. The action of the court was correct. Taking a view of the evidence most favorable to the defendant, the utmost defendant can properly claim is that the question was one of fact to be left to the jury. The issue was submitted to the jury with suitable instructions by the trial justice. If McGough's version was substantially correct, the failure of plaintiff to look before turning the corner was immaterial. McGough saw the car in ample time and was trying to get off the trolley track but was prevented from doing so by the skidding of his car. On defendant's theory of the case it is difficult to see how plaintiff, the passenger, can be said to have had any reasonable opportunity or time to have communicated with McGough before the collision occurred.

It is conceded by defendant that the negligence of the driver of the automobile is not to be imputed to a guest in the automobile and that generally the question of contributory negligence of such a guest is a question for the jury. *Hermann* v. *R. I. Co.*, 36 R. I. 447. The claim is made in this case that it was the duty of the passenger as a matter of law to look for the approach of a car, as the street corner was a place of danger. There was nothing unusual in the conditions at the junction of the two streets, and no other danger than such as usually is found at the intersection of many city streets. The duty of the passenger to look is one which is dependent on the circumstances. The driver of the automobile is bound to keep a practically continuous outlook while driving, but no such duty is imposed on the passenger. In the absence of knowledge of danger or of facts which should give him such knowledge, a passenger or guest may properly rely on the driver to attend to the driving of the automobile. The primary duty of care for the safe operation rests upon the driver. The passenger however is not relieved from the exercise of all care for his own protection, but the amount of care required of a passenger necessarily varies with the circumstances of each case. We

find nothing erroneous in the comments of the court on the facts or in the statement of the law applicable thereto. The issues were properly submitted to the jury.

Defendant requested the trial court to charge, as follows: "If the jury find that when the automobile reached the car track, and was proceeding toward the electric car, the electric car was not going faster than six miles per hour, the plaintiff can not recover." This request was refused and exception to this ruling is now pressed. Defendant's claim is that if a trolley car is proceeding at a rate of speed within that allowed by the city ordinance it can not in any case be held to be travelling at an excessive rate of speed. In *Oates* v. *Union R. R. Co.*, 27 R. I. 499, it was held that violation of a statute or municipal ordinance limiting the rate of speed or the management of street railways did not necessarily amount to negligence as a matter of law but that evidence of such violations was relevant and *prima facie* evidence upon the question of defendant's negligence. At page 503 the court says: "The office of such ordinances in civil cases is to be used by the jury as aids in determining the question of negligence. The province of the jury is not to determine that a given act is negligent because it is a violation of an ordinance or regulation, but to declare such an act to be negligent because it is not marked by the degree of care which the circumstances impose. The ordinance is one of the circumstances only which they are to take into account." In the case at bar evidence that the rate of speed was not in excess of six miles an hour, the limit allowed by the ordinance, is not conclusive proof of the exercise of due care by defendant but is simply evidence bearing upon the question of defendant's care and is to be considered by the jury in connection with the attending circumstances in the decision of this issue. The question whether the speed is improper or excessive is to be determined not by the limits fixed by statute or ordinance but upon consideration of the reasonableness of the rate of speed in the circumstances. To move a trolley car at all in

some cases might be improper and negligent and consequently the rate of speed might then properly be held to be excessive. This exception is overruled. The damages are not excessive.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Cooney & Cooney*, for plaintiff.

*Clifford Whipple, Earl A. Sweeney*, for defendant.